IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FT. MYERS ALF, INC., | ) | Case No. 20-08952 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

## NOTICE OF MOTION

To:     Attached service list

PLEASE TAKE NOTICE that on May 12, 2020, at 9:30 a.m. we shall appear before the Honorable Donald R. Cassling in Room 619 of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois, and then and there present the *Application for an Order Pursuant to Section 327(A) of the Bankruptcy Code Authorizing the Employment and Retention of Paul M. Bauch, Carolina Y. Sales, Justin R. Storer, and Kenneth A. Michaels Jr., of Lakelaw as Counsel for Debtor-In-Possession* (the "Motion"), a copy of which is attached hereto and hereby served upon you.

A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.

Dated: May 5, 2020                                              FT. MYERS ALF, INC.

                                                                /s/ Paul M. Bauch
                                                                    One of its attorneys

Paul M. Bauch (ARDC # 6196619)
Kenneth A. Michaels Jr. (ARDC # 6185885)
Carolina Y. Sales (ARDC # 6287277)
BAUCH & MICHAELS, LLC
53 W. Jackson Boulevard, Suite 1115
Chicago, Illinois 60604
Tel: (312) 588-5000
pbauch@bauch-michaels.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 5, 2020, we caused this document to be served upon the persons identified on the attached service list by the method described therein.

/s/ Paul M. Bauch

## SERVICE LIST

*Via CM/ECF:*

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Justin M Luna on behalf of Creditor Forum Architecture & Interior Design, Inc.
jluna@lathamluna.com

Daniel A Velasquez on behalf of Creditor Forum Architecture & Interior Design, Inc.
dvelasquez@lathamluna.com

*VIA U.S. MAIL:*

Allen L. Kracower and Associates
900 North Shore Drive
Suite 205
Lake Bluff, IL 60044

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn St., Room 2600
Chicago, IL 60604-1705

City of Fort Myers
2200 Second Street
Fort Myers, FL 33901

Henricksen
121 W. Wacker Dr., Suite 1450
Chicago, IL 60601

Ft. Myers EB-5 Fund, LLC
P.O. Box 16680
Chicago, IL 60616

Law Offices of Kameli & Associates PC
P.O. Box 16680
Chicago, IL 60616

Kameli Law Group
P.O. Box 16680
Chicago, IL 60616

Quattrone and Associates, Inc.
4301 Veronica S. Showemaker Blvd.
Fort Myers, FL 33916

Lee County Tax Collector
2480 Thompson Street
Fort Myers, FL 33901

Taher Kameli
17 N. State St., Suite 1700
Chicago, IL 60602-3315

Scopos Hospitality Group
300 W. Chestnut St., Suite 201
Ephrata, PA 17522

Canal Tax SB Muni
200 South Park Rd., Ste 425
Hollywood FL 33021-8362

Emerald Tax SB Muni
200 South Park Rd., Ste 425
Hollywood, FL 33021-8362

Grant W. Alley
Office of the City Attorney –
  City of Fort Myers
1820 Hendry Street, P.O. Box 2217
Fort Myers, FL 33902-2217

Chicagoland Foreign Investment Group
P.O. Box 16680
Chicago, IL 60616

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Larry D Hart
Tax Collector of Lee County, Florida
c/o Legal Department
PO Box 850
Fort Myers, FL 33902-0850

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FT. MYERS ALF, INC., | ) | Case No. 20-08952 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

**APPLICATION FOR AN ORDER PURSUANT TO SECTION 327(A)
OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND
RETENTION OF PAUL M. BAUCH, CAROLINA Y. SALES,
JUSTIN R. STORER, AND KENNETH A. MICHAELS JR., OF LAKELAW
AS COUNSEL FOR DEBTOR-IN-POSSESSION**

Ft. Myers ALF, Inc., a Florida corporation ("Ft. Myers" or the "Debtor"), hereby applies for an Order, pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code and Fed. R. Bankr. P. 2014 authorizing the employment and retention of Paul M. Bauch, Carolina Y. Sales, Justin R. Storer, and Kenneth A. Michaels Jr., of Bauch & Michaels, LLC d/b/a Lakelaw (collectively, "Lakelaw") as counsel for the debtor in possession.

## I.  JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## II.  BACKGROUND

3. On April 7, 2020 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of

the Bankruptcy Code. The Debtor has substantially all of the rights, powers, and responsibilities of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

4. The Debtor owns a parcel of real property located at 4999 Winkler Avenue, Fort Myers, Florida 33966 ("the "Property"). The Debtor believes that there is substantial equity in the Property.

5. No creditors' committee has been appointed in the Debtor's chapter 11 case, and no trustee or examiner has been appointed.

### III. RELIEF REQUESTED

6. By this application, the Debtor seeks to employ and retain Lakelaw as counsel, effective as of the Petition Date. The Debtor seeks to retain Lakelaw as counsel because of Lakelaw's expertise and extensive experience in representing debtors and creditors in cases under the Bankruptcy Code. The Debtor also seeks to retain Lakelaw as its counsel because it is familiar with the Debtor's assets and liabilities and has extensively communicated with the Debtor's president in an effort to either recapitalize or sell the Debtor's assets. The Debtor believes that Lakelaw is well qualified to represent it in its chapter 11 case.

7. The Debtor believes that it would be most efficient and in the best interests of its estate that Lakelaw be retained, pursuant to section 327(a) of the Bankruptcy Code, as general counsel to perform the extensive legal services that will be necessary during the pendency of this chapter 11 case, as more fully described herein.

8. Lakelaw will provide various legal services to the Debtor in its role as counsel, including, without limitation, the following:

2

      a.    Render legal advice with respect to the powers and duties of the Debtor to continue to operate its business and manage its property as debtor in possession;

      b.    Negotiate, prepare and file documents in connection with the sale of the Debtor's Property or the refinancing of claims;

      c.    Take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, negotiations concerning all litigation in which the Debtor is or becomes involved, and the evaluation and objection to claims filed against the estate;

      d.    Prepare, on behalf of the Debtor, all necessary applications, motions, answers, orders, reports and papers in connection with the administration of the estate herein, and appear on behalf of the Debtor at all Court hearings in connection with the Debtor's case; and

      e.    Render legal advice and perform all other legal services in connection with the foregoing and in connection with this chapter 11 case.

9.    Lakelaw has indicated a willingness to act on the Debtor's behalf in the capacities designated above.

10.    It is necessary and essential that the Debtor, to perform faithfully its duties as debtor in possession, employ Lakelaw to render the foregoing professional services.

11. Lakelaw will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered. The principal attorneys who will represent the Debtor in its chapter 11 case and their standard hourly rates are

    (a)    Paul M. Bauch: $400 per hour;

    (b)    Carolina Y. Sales: $240 per hour;

    (c)    Justin R. Storer: 375 per hour; and

    (d)    Kenneth A. Michaels Jr.: $375 per hour.

Such standard hourly rates are subject to adjustment generally as of January 1st of each year. Other attorneys and support staff, including paralegals, may provide services to the Debtors in connection with these bankruptcy proceedings, within the following ranges: for partners and attorneys of counsel, from $240 to $400 per hour; for associates, from $150 to $195 per hour; and for paralegals, from $60 to $125 per hour. These rates are substantially more economical than the rates charged by other professionals with comparable experience in the Chicago market.

12. In addition to seeking payment for such hourly charges, Lakelaw will charge for all extraordinary or non-overhead expenses actually incurred on behalf of the Debtor, consistent with its normal practices. These expenses and charges may include conference call telephone charges, volume mail and express mail charges, messenger services, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, document processing, volume photocopying charges, and other extraordinary, non-overhead expenses.

4

13. The Debtor believes that the proposed rates are reasonable. Except as may be provided in separate compensation and expense reimbursement procedures orders, payment for services will be made only after notice and hearing pursuant to Section 330 of the Bankruptcy Code.

14. To the best of the Debtor's knowledge, and except as disclosed herein and in the attached Declaration of Paul M. Bauch (the "Declaration"), Lakelaw has not represented any of the Debtor's creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtor or its estate in which the interest of the Debtor and such third parties were adverse, and does not, and will not, represent any parties in any matters wherein the creditor, equity security holder or other parties in interest have interests adverse to the Debtor or the bankruptcy estate.

15. The Debtor seeks to retain Lakelaw generally because of the extensive services that may be required and because the nature and extent of such services are not known at this time. To the best of the Debtor's knowledge, and except as otherwise disclosed in the attached Declaration, Lakelaw does not hold or represent any interest adverse to the Debtor's estate, is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and such employment is necessary and in the best interests of the Debtor and its estate.

WHEREFORE, the Debtor respectfully requests the entry of an order authorizing the retention of Lakelaw effective as of April 7, 2020, to represent the

5

Debtor in this chapter 11 case and granting the Debtor such other and further relief as is just and proper.

Dated: May 5, 2020

Respectfully submitted,

FT. MYERS ALF, INC.

By: /s/ Paul M. Bauch
One of Its Attorneys

Paul M. Bauch (ARDC # 6196619)
Carolina Y. Sales (ARDC # 6287277)
LAKELAW
53 W. Jackson Boulevard, Suite 1115
Chicago, IL 60604
Tel: (312) 588-5000
pbauch@lakelaw.com

6