STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FT. MYERS ALF, INC., | ) | Case No. 20-08952 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |

## DECLARATION OF PAUL M. BAUCH

I, Paul M. Bauch, being first duly sworn, on oath, state:

1. I am an attorney and a member of Bauch & Michaels, LLC d/b/a Lakelaw ("Lakelaw"), a law firm with offices at 53 West Jackson Boulevard, Suite 1115, Chicago, Illinois 60604.

2. I am admitted to practice in the states of Florida and Illinois, as well as the District of Columbia. I am also admitted to practice before this Court and am a member of its trial bar.

3. On April 7, 2020 (the "Petition Date"), Ft. Myers ALF, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois the ("Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as a debtor in possession.

4. This Affidavit is prepared in connection with the Application for an Order Authorizing the Employment and Retention of Lakelaw as Counsel for the

Debtor in Possession (the "Application"), in which the Debtor seeks authority to employ Lakelaw as its general counsel in this case.

5. Except as specifically set forth herein, I have, to the best of my knowledge, no connection with the Debtor, any of its affiliated entities, its creditors, or any other parties in interest herein, or its respective attorneys and accountants.

6. The Debtor is a Florida corporation that was organized on October 11, 2013. On or about February 21, 2020, the Debtor requested Lakelaw to represent it in connection with a settlement in the civil action entitled *Forum Architecture & Interior Design, Inc. v. Ft. Myers ALF, Inc.*, Case No. 2017-CA-002817.

7. Several weeks later, the Debtor then requested Lakelaw to represent it in connection with the filing of this voluntary chapter 11 case.

8. On April 15, 2020, Lakelaw received $3,500 as a partial retainer payment from Taher Kameli, the Debtor's president. Although Lakelaw has not represented Kameli personally, Lakelaw represents Aurora Assisted Living EB-5 Fund, LLC as a creditor in connection with the recently concluded Chapter 7 proceeding of Aurora Memory Care, LLC in this district. *In re Aurora Memory Care, LLC*, 18-11289 (Bankr. N.D. Ill.). Kameli is the individual manager of Aurora Assisted Living EB-5 Fund, LLC's manager, Chicagoland Foreign Investment, LLC. Kameli is not a member of Aurora Assisted Living EB-5 Fund, LLC. As a result of Lakelaw's efforts, Aurora Assisted Living EB-5 Fund, LLC received substantial distributions from the Aurora Memory Care, LLC bankruptcy estate. Aurora Assisted Living EB-5 Fund, LLC paid Kameli's affiliates certain fees and expenses

reimbursements and repaid Kameli's affiliates certain loans. Aurora Assisted Living EB-5 Fund, LLC is not a creditor of the Debtor and is not otherwise a party in interest in these proceedings.

9. As part of my diverse practice, I appear in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants and investment bankers, some of which may represent claimants and parties in interest in the Debtor's Chapter 11 case. In addition, I may have in the past or may currently be representing other professionals involved in this case in matters unrelated to this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, I do not represent or have a relationship with any attorneys, accountants, financial consultants or investment bankers that would be adverse to the Debtor or its estate.

10. I may have in the past represented, and likely in the future, will represent, creditors of the Debtor in matters unrelated to this case. I am confident that my representation of such creditors or equity security holders in such unrelated matters will not affect my representation of the Debtor in this proceeding. I have determined that I have not represented any of the Debtor's creditors or equity security holders in matters related to this bankruptcy case.

11. To the best of my knowledge, I have no connection with the United States Trustee, the Bankruptcy Judge in this case, or any person employed by the Office of the United States Trustee.

12. Subject to Court approval and in accordance with Sections 330(a) and 331 of the Bankruptcy Code, Lakelaw will seek payment for compensation on an hourly basis, and reimbursement of actual, necessary expenses incurred by me. My customary rate as charged to both bankruptcy and non-bankruptcy clients, subject to periodic adjustments to reflect economic and other conditions, is $400 per hour. My hourly rate is subject to change.

13. In connection with the reimbursement of actual, necessary expenses, it is our policy to charge clients in all areas of practice for expenses incurred in connection with the client's representation. These expenses and charges may include conference call telephone charges, volume mail and express mail charges, messenger services, hand delivery and other delivery charges, travel expenses, computerized research, transcription costs, document processing, volume photocopying charges, and other extraordinary expenses such as secretarial overtime.

14. I have received no promises as to compensation or payment in connection with this case other than in accordance with the provisions of the Bankruptcy Code. I have no agreement with any other entity to share with such entity any compensation received by me in connection with these Chapter 11 cases.

15. Based upon the information available to me, the undersigned represents that Lakelaw, insofar as I have been able to ascertain, holds or represents no interest adverse to the Debtor or its estate in the matters for which I seek to be engaged. Based on the foregoing, I believe that Lakelaw has complied

4

with the requirements of 11 U.S.C. § 327 and is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and does not hold or represent an interest adverse to the interests of the Debtor's estate.

16. I represent that the foregoing constitutes a complete and full disclosure of all prior and current representation of clients that have any connection to this case. I have conducted a reasonable investigation to discover any conflicts. I will supplement and amend this Affidavit should I discover further pertinent relationships that require disclosure in this case.

17. My retention to perform the services described in the Application is in the best interests of the Debtor and its estate. To the best of my knowledge, the information contained herein is true and accurate.

I hereby certify under penalties of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated this 5th day of May 2020.

/s/ Paul M. Bauch